SAVOIE, J., concurring.
*1111 I agree with the majority that an affirmation is appropriate in this case. I would note a procedural issue, however. At the conclusion of Plaintiff's case-in-chief, the City of Crowley moved for a directed verdict. This matter was tried as a bench trial. The proper procedure was for the City of Crowley to move for an involuntary dismissal, not a directed verdict. See La.Code Civ.P. art. 1672. A motion for directed verdict is used in jury trials. See La.Code Civ.P. art. 1810. Nonetheless, the improper styling of the motion is harmless error.
I would further note that it is unclear whether the motion was actually denied. When the trial judge was asked in open court about whether her decision was based on a directed verdict or the judgment of the case as a whole, she replied, "I mean, I actually don't think a directed verdict was appropriate. The evidence was all in. And so I'm - - you know, I'm [going to] make a ruling." A judgment on the motion was not put into writing. On a motion for involuntary dismissal, the trial court is allowed to decline to rule until all of the evidence is in. The trial court can either rule on the motion for involuntary dismissal or it "may decline to render any judgment until the close of all the evidence." La.Code Civ.P. art. 1672. It is my opinion, based on the record, that the trial court declined to rule until all of the evidence was in, rather than deny the motion.